UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

|  |  |  |
|---|---|---|
| SCOTT PIPER<br>     Plaintiff,<br><br>v.<br><br>NORTHEASTERN ASSET<br>RECOVERY GROUP, INC.<br>     Defendant, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 2:16-cv-11251 |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NOW COMES** the Plaintiff, SCOTT PIPER, by and through his attorney, the CONSUMER RIGHTS LAW FIRM, PLLC, and for their Complaint against the Defendant, NORTHEASTERN ASSET RECOVERY GROUP, INC., Plaintiffs states as follows:

### *I.  INTRODUCTION*

1. This is an action for actual and statutory damages brought by Plaintiff, Scott Piper, as an individual consumer, against Defendant, Northeastern Asset Recovery Group, Inc. and their agents for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter ''FDCPA''), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### *II.  JURISDICTION*

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

1

3. Because Defendant conducts business in Eastern District of Michigan, personal jurisdiction is established.

4. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5. Venue in is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving right to the claim occurred in this District.

### III. *PARTIES*

6. Plaintiff, Scott Piper (hereinafter "Plaintiff"), is an adult individual who was at all relevant times residing in Plymouth, Wayne County, State of Michigan.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Upon information and belief the Defendant, Northeastern Asset Recovery Group, Inc., (hereinafter "Defendant") is a business entity engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 3843 Union Road, Suite 15, Box 15, Buffalo, NY 14225, and their registered agent located at 256 Ideal Street, Buffalo, NY 14206.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors, bills, statements, and/or other correspondence

via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

13. At all relevant times, Defendant acted through it duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. *FACTUAL ALLEGATIONS*

14. The debt Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15. The alleged debt meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

16. Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiffs.

17. In January of 2016, Defendant contacted Plaintiff in an attempt to collect on the alleged debt.

18. In January of 2016, Defendant's agent stated to Plaintiff that Defendant was attempting to have Plaintiff served with documents.

19. Defendant was attempting to collect approximately $1,500.00 from Plaintiff.

20. The alleged debt was believed to be roughly $300.00- $500.00.

21. When Plaintiff inquired as to why the amount had increased to triple or more Defendant responded that attorney fees had been added to the alleged debt balance.

22. On or about March 14, 2016, Defendant, in connection with the collection of an alleged debt, was attempting to communication with Plaintiff by telephone.

23. During the phone communication Defendant's agent who identified herself as "Claire" stated to Plaintiff that Defendant was going to file suit against Plaintiff if he did not make an immediate payment.

24. Defendant's agent "Claire" also quoted an amount due that was well in excess of the alleged debt that Defendant was collecting on.

25. Defendant's agent "Claire" stated that this additional amount was to cover fees that Defendant had added to the alleged original debt.

26. Plaintiff has requested from Defendant the documentation substantiating the alleged debt and how amount was allowed to get so high

27. Plaintiff has never received such documentation from Defendant.

28. The natural consequences of Defendant's statements and actions were to unjustly condemn and vilify Plaintiff for his non-payment of the debt he allegedly owed.

29. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

30. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by threatening legal action it did not actually intend to take and attempting to collect an amount not authorized by law.

## V. <u>CAUSES OF ACTION</u>

### COUNT I
### VIOLATIONS OF THE FDCPA- 15 U.S.C. § 1692, et seq.

31. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

32. The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA including but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, and below, with respect to the Plaintiff:

   (a) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

   (b) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

   (c) Defendant violated *§1692e(2)(A)* of the FDCPA by falsely representing the character, amount, or legal status of the alleged debt; and

   (d) Defendant violated *§1692e(2)(B)* of the FDCPA by giving the falsely representing the services rendered or compensation which may be lawfully received by the Defendant for the collection of the alleged debt; and

5

(e) Defendant violated *§1692e(3)* of the FDCPA by giving the false representation or implication that any individual is an attorney or that any communication is from an attorney; and

(f) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that the Defendant does not intend to take and/or the Defendant cannot legally take; and

(g) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

33. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

34. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to one thousand dollars ($1,000.00) pursuant to 15 U.S.C. § 1692(a)(2)(A), and reasonable costs and attorney fees pursuant to 15 U.S.C. 15 § 1692k(a)(3), from each Defendant herein.

### VI. *PRAYER FOR RELIEF*

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

A. Declaratory judgment Defendant's conduct violated the FDCPA.

B. Actual damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at trial and for Plaintiff.

C. Statutory damages of $1,000.00 for Plaintiff from Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

D. Costs and reasonable attorney fees from Defendant and for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3).

E. Punitive damages in such amount as is found appropriate.

F. For Such other and further relief as the Court may deem just and proper.

## VII.   DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Scott Piper, demands trial by jury in this action on all issues so triable. US Const. amend 7. Fed.R.Civ.P. 38.

RESPECTFULLY SUBMITTED,

Dated: April 06, 2016

s/Kevin J. Buckley, Jr., Esq.
Attorney for Plaintiff
Consumer Rights Law Firm, PLLC
133 Main Street, 2nd Floor
North Andover, MA 01845
Telephone: (978) 212-3300
Facsimile: (888) 712-4458
AttorneyKevinB@consumerlawfirmcenter.com