UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT PIPER,

               Plaintiff,               Case No. 16-11251

v.                                              Hon. David M. Lawson

NORTHEASTERN ASSET
RECOVERY GROUP, INC.,

               Defendant.

_____/

## **ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

This matter is before the Court on the plaintiff's motion for default judgment. On May 6, 2016, the clerk of court entered a default against defendant Northeastern Asset Recovery Group, Inc. for failure to plead or otherwise defend after being served with a summons and copy of the complaint. The plaintiff's complaint seeks relief for actual damages to be determined at trial and $1,000 in statutory damages, as well as attorney's fees and costs for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq* ("FDCPA").

Where a plaintiff's claim is not for a sum certain, "the party must apply to the court for a default judgment" and the "court may conduct hearings" to "determine the amount of damages." Fed. R. Civ. P. 55(b)(2). However, "[a]n evidentiary hearing is unnecessary if sufficient evidence is submitted to support the request for damages, *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1996), or if the amount claimed is one ascertainable from definite figures in the documentary evidence or affidavits." *McIntosh v. Check Resolution Service, Inc.*, No. 10-14985, 2011 WL 1595150, at *4 (E.D. Mich. Apr. 27, 2011) (citing *United Artists Corp. v. Freeman*, 605 F.3d 854, 867 (5th Cir. 1979)).

The plaintiff's motion for default judgment does not seek actual damages. Instead, the

plaintiff is requesting $1,000 in statutory damages, $2,792.50 in attorney's fees, and $469 in costs. A hearing is unnecessary because the amount claimed is ascertainable from the complaint and the motion for default judgment. The Court has reviewed the pleadings and the motion and finds that the papers adequately set forth the relevant facts and law and oral argument will not aid in the disposition of the motion. Therefore, it is **ORDERED** that the motion be decided on the papers submitted. *See* E.D. Mich. LR 7.1(f)(2).

The plaintiff's complaint alleges a single cause of action, violation of the FDCPA. The complaint alleges that the defendant is engaged in the business of collecting debts allegedly owed to third parties, and acted as a debt collector as defined by 15 U.S.C. 1692a(6). The plaintiff alleges that his debt of $300–$500 was assigned to the defendant for collection. In January 2016, the plaintiff contends that the defendant contacted him seeking to recover approximately $1,500 – three times the original debt. When the plaintiff inquired as to why the debt had tripled, the defendant's agent responded that attorney's fees had been added to the debt balance.

On March 14, 2016, the defendant allegedly contacted the plaintiff and stated that a law suit was going to be filed against him if he did not make immediate payment. The plaintiff maintains that he requested the documentation to substantiate the new debt amount, but no documentation was ever received. The plaintiff alleges that the natural consequences of the defendant's actions were to vilify the plaintiff for non-payment of the debt he allegedly owed. The plaintiff alleges that the defendant used unfair and unconscionable means to collect on the plaintiff's alleged debt by threatening legal action that it did not intend to take and attempting to collect an amount not authorized by law.

Under the FDCPA, a debt collector may not make false representations as to the amount or

legal status of any debt, nor may it falsely represent compensation that it may receive for the collection of a debt. 15 U.S.C. § 1692e(2)(A) and (B). A debt collector may not make a false representation or implication that "any individual is an attorney or that any communication is from an attorney." 15 U.S.C. § 1692e(3). Moreover, a debt collector may not "threat[en] to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C.§ 1692e(5). Additionally, a debt collector "may not use unfair or unconscionable means to collect or attempt to collect any debt," including the collection of any amount "unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

The Court finds that the defendant "ha[s] failed to plead or otherwise defend" this action, Fed. R. Civ. P. 55(a), and therefore the material allegations of the complaint are deemed admitted. Based on the above allegations, the Court finds that the defendant has violated the FDCPA. Under the FDCPA, "any debt collector who fails to comply with any provision of this subchapter," is liable for any actual damages sustained, and "such additional damages as the court may allow, but not exceeding $1,000." 15 U.S.C. § 1692k(a). A successful plaintiff is also entitled to the costs of the litigation as well as reasonable attorney's fees. 15 U.S.C. § 1692k(a)(3). The Court has reviewed the plaintiff's motion and supporting documents and finds that $1,000 in statutory damages, $2,792.50 in attorney's fees, and $469 in costs is warranted.

Accordingly, it is **ORDERED** that the plaintiffs' motion for default judgment [dkt # 7] is **GRANTED**.

                                               s/David M. Lawson
                                               DAVID M. LAWSON
                                               United States District Judge

Dated: May 31, 2016

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 31, 2016.

                                        s/Susan Pinkowski
                                        SUSAN PINKOWSKI